IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:23-CV-00163-KDB-DCK

| | |
|---|---|
| THE RECON GROUP LLP,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC,<br><br>Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Defendant Lowe's Home Centers, LLC's ("Lowe's") Motion to Dismiss Plaintiff's Complaint. (Doc. No. 21). The Court has carefully considered this motion and the parties' related briefs and exhibits. For the reasons discussed below, the Court finds that Plaintiff The Recon Group LLP ("goTRG") has, at this initial stage of the case, adequately pled its breach of contract, copyright infringement, federal Defend Trade Secrets Act ("DTSA"), and unjust enrichment claims, but has not adequately pled its North Carolina Trade Secrets Protection Act ("NCTSPA") claim. Accordingly, the Court will **DENY** in part and **GRANT** in part the motion.

### I.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually

1

sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp.*, 550 U.S. at 570; *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Court of Appeals of Maryland*, 566 U.S. 30 (2012). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Construing the facts in this manner, a complaint must only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (internal quotations omitted). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

Also, in analyzing a Rule 12 motion, a court may consider "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L.Ed.2d 179 (2007). In particular, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint ... so long as the authenticity of these documents is not disputed." *Chapman v. Asbury Auto. Grp., Inc.*, No. 3:13 cv 679, 2016 WL 4706931, at *1, 2016 U.S. Dist. LEXIS 121043 (E.D. Va. Sept. 7, 2016) (quoting *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396-97 (4th Cir. 2006)); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159 (4th Cir. 2016).

2

## II. FACTS AND PROCEDURAL HISTORY

goTRG is a reverse logistics and technology company that provides retailers and manufacturing businesses solutions for merchandise returns. Doc. No. 1, at ¶ 10. Its software, tailored to its individual clients, determines how returned merchandise should be dispositioned after the bar code on the merchandise is scanned. *Id.* ¶¶ 12, 31. Lowe's retained goTRG in 2019 to run its merchandise return operations in its home improvement stores. *Id.* ¶ 20. Their relationship was governed by a formal agreement – the Application Services & Professional Services Agreement ("ASPSA"), which the Parties signed on February 7, 2019. The ASPSA was later amended on January 1, 2020, by a Statement of Work No. 4 ("SOW") (together, the ASPSA and the SOW are the "Agreements"). *Id.* ¶¶ 22, 24. The Agreements required goTRG to provide reverse logistics services by deploying a cloud-based software solution called R1, a goTRG Software Solution and Returns Automated Disposition ("RAD") in-store software application (the "Software") through February 28, 2025. *Id.* ¶¶ 27-28; Doc. No. 12-1, at 2.

The Software aids the merchandise return process by identifying a vendor's return policy and disposition strategies, and then creating a barcode that can be attached to the returned item to guide the return process. *Id.* ¶¶ 31-32. As part of their agreements, goTRG operated and maintained the Software during the term of the SOW and provided unique user IDs to each Lowe's employee who needed access to the program. *Id.* ¶ 33. For its part, Lowe's agreed in the SOW to not "copy or reproduce the Software," or infringe goTRG's intellectual property rights, which were protected by the SOW. *Id.* ¶¶ 41-48 (citing Exhibit B at §§ IV.A.6(4), III.B.7(i)(ii)). The Agreements also provided that if Lowe's continued to use the Software after termination of the SOW, it would be required to pay a license fee based on the year in which the cancellation occurred. Doc. No. 12-1, at 19.

After the SOW was executed, goTRG alleges that Lowe's "began a targeted effort to learn more about the inner workings of goTRG's Software, including the Software's standard operating procedures (SOP), Application Programming Interface (API), source code, and other intellectual property underlying the same." Doc. No. 1, at ¶ 49. For example, in an alleged attempt to reverse engineer the Software, Lowe's asked goTRG to provide Software access to certain Lowe's personnel who did not need to use the Software under the SOW, including Information Technology Engineers and Software Product Development experts. *Id.* ¶¶ 52-53. goTRG further alleges that, using its knowledge of the Software's proprietary information, Lowe's created and implemented its own application, My Red Vest, which led Lowe's to terminate the SOW on August 25, 2022. *Id.* ¶¶ 54, 60. Upon notice of the termination, goTRG insisted that Lowe's pay the one-time license fee of $2 million as provided for in the SOW because My Red Vest was allegedly a copy of the Software. *Id.* ¶ 65; Doc. No. 12-1, at 19. Lowe's disputed its obligation to pay the license fee, did not pay the fee, and the parties entered mediation as required by the ASPSA on May 31, 2023. Doc. No. 1, at ¶ 67. That mediation was unsuccessful. *Id.*

In October 2023, goTRG filed this suit alleging that Lowe's unlawfully copied or reproduced RAD to develop and implement its own merchandise return application, My Red Vest, before terminating the SOW. *Id.* ¶¶ 49-60. goTRG brings claims for Breach of Contract (Count I), Copyright Infringement (Count II), NCTSPA (Count III), DTSA (Count IV), and Unjust Enrichment (Count V). *See* Doc. No. 1. It seeks actual, consequential, punitive, and exemplary damages, attorney's fees, and all other relief the Court deems just and proper. *Id.* Based on the Copyright Act and the alleged insufficiency of the pleadings, Lowe's now seeks dismissal of goTRG's Complaint for failure to state a plausible claim for relief under Rule 12(b)(6). *See* Doc. No. 21.

4

### III. DISCUSSION

Defendant argues that the Court should dismiss all goTRG's claims for failure to state a claim under Rule 12(b)(6). It specifically contends that Counts I, III, IV, and V are preempted by the Copyright Act, codified at 17 U.S.C. § 301(a), and that all Counts do not meet the federal pleading standards set forth in Rule 12(b)(6). *See* Doc. No. 22, at 5-20.

#### A. The Breach of Contract Claim (Count I)

##### 1. Preemption by the Copyright Act

The parties dispute whether goTRG's breach of contract claim is preempted by the Copyright Act. To determine whether a claim is preempted by the Copyright Act, courts apply a two-prong test. 17 U.S.C. § 301(a); *see United States ex rel. Berge v. Bd. of Trs. of the Univ. of Ala.*, 104 F.3d 1453, 1463 (4th Cir. 1997). First, the Court determines whether the work falls within the subject matter of copyright. *Tire Eng'g & Dist. v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 309 (4th Cir. 2012). Copyright protects "original works of authorship fixed in any tangible medium of expression." 17 U.S.C. § 102(a). It does not protect "any idea, procedure, process, system, method of operation, concept, principle, or discovery." § 102(b).

Second, the Court assesses "whether the claim protects rights that are equivalent to any of the exclusive rights of a federal copyright." *Tire Eng'g & Dist.*, 682 F.3d at 309. Exclusive rights of an owner of a federal copyright include the right to reproduce the work, prepare derivative works, distribute copies of the work, perform the work publicly, and display the work publicly. *Trandes Corp. v. Guy F. Atkinson Co.*, 996 F.2d 655, 659 (4th Cir. 1993) (citing 17 U.S.C. § 106 (1988 & Supp. II 1990)). The Fourth Circuit has cautioned that "[t]o determine whether a particular cause of action involves rights equivalent to those set forth in § 106, the elements of the causes of action should be compared, not the facts pled to prove them." *Id.* Generally, to avoid preemption

5

under the second prong, the plaintiff must show the cause of action has an extra element that makes the nature of the action "qualitatively different from a copyright infringement claim." *Tire Eng'g & Dist.*, 682 F.3d at 309. Additionally, when determining whether a breach of contract claim is preempted, courts examine the precise contractual rights being asserted. *Madison River Mgmt. Co. v. Bus. Mgmt. Software Corp.*, 351 F. Supp. 2d 436, 443 (M.D.N.C. 2005). Here, both elements of the preemption test are disputed by the parties.

Considering the first prong of the Copyright Act preemption test, the Court finds that the work does not fall within the scope of copyright because the breach of contract claim is not wholly limited to the Software's source code. goTRG alleges that Lowe's breached the contract in "various ways." Doc. No. 1, at ¶¶ 81-84. The first two alleged breaches are "the very existence of My Red Vest … because My Red Vest is a copy or reproduction of RAD" and that "Lowe's breached the SOW by misappropriating goTRG's Software or protected aspects thereof." *Id.* ¶¶ 82-83. These first two allegations would require the breach of contract claim to be preempted if they were standing alone, because they involve computer software, which can be copyrighted, and the copying/misappropriation allegations are essentially equivalent to the copyright infringement claim. *See Trandes Corp. v. Guy F. Atkinson Co.*, 996 F.2d 655, 660 (4th Cir. 1993); *M. Kramer Mfg. Co. v. Andrews*, 783 F.2d 421, 435 (4th Cir. 1986) (finding that computer programs are entitled to copyright protection); *Dun & Bradstreet Software Serv., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206-207 (3d Cir. 2002) (computer software is within the scope of the Copyright Act). However, there are other significant allegations sufficient to uphold goTRG's breach of contract claim. The third allegation, that "Lowe's breached the SOW by misappropriating goTRG's reverse logistics know-how, concepts, processes, methods, and protocols," is not

6

preempted.[1] Doc. No. 1, at ¶ 84. This allegation concerns non-expressive information, like ideas, processes, procedures, and methods of operation that are excluded from copyright protection. 17 U.S.C. § 102(b); *GlobeRanger Corp. v. Software AG*, 691 F.3d 702, 707 (5th Cir. 2012) (holding that plausible allegations beyond the software existed and that the "exclusion of subject matter extends even if the excluded matter is embodied in a copyrightable work."). Therefore, goTRG's breach of contract allegations do not fall entirely into the scope of copyright due to the presence of the reverse logistics claim.

While the failure to satisfy the first prong of the preemption test is sufficient for Plaintiff's contract claim to move forward, the Court also finds that the second prong of the preemption test is not satisfied.[2] Specifically, the Court finds that the presence of a promise to pay provision sets goTRG's breach of contract claim apart from a traditional copyright claim, establishing an extra element, and the claim is therefore not preempted. *See Madison River Mgt. Co. v. Business Mgt. Software Corp.*, 387 F. Supp. 2d 521, 541 (M.D.N.C. 2005) (citing *Acorn Structures, Inc. v. Swantz*, 846 F.2d 923, 926 (4th Cir. 1988)) ("[T]his express promise to pay creates an extra element which prevents preemption by the Copyright Act."). The provision in the SOW required Lowe's

---

[1] The SOP, however, is preempted because goTRG pleads that SOP is an element of the Software that is protected by copyright. Doc. No. 1, at ¶ 90.

[2] The Court rejects goTRG's argument that the "unique terms of the parties'" express contract created a private law that is exempt from preemption. Doc. No. 24, at 8-9. This matter can be analogized to *Nichols Agency, Inc. v. Enchanted Child Care, Inc.*, where allegations central to Nichols's breach of contract claim "stem[med] only from the provision that '[a]fter termination of this agreement,' Celebree 'shall have no further right to use, reproduce, distribute, display, or modify any Agency works' without Nichols's 'consent and agreement to do so.'" 537 F. Supp. 2d 774, 784 (D. Md. 2008) (citation omitted). The Court found that the allegations were covered by Nichols's copyright infringement claim, and therefore a private law was not established. *Id.* Plaintiff's primary allegations center on Lowe's agreement to not "copy or reproduce the Software or Service, except in accordance with the license rights granted in the Agreement." Doc. No. 1, at ¶ 77 (citing Exhibit B at §IV.A.6(4)). Therefore, Plaintiff's primary allegations are covered by its copyright infringement claim, and a private law is not established.

to pay a one-time license fee of two million dollars for its continued use of the Software through February 28, 2025, because Lowe's allegedly continued to use the Software after the SOW and license were terminated prematurely. Doc. No. 1, at ¶ 65; SOW VII.A.2.d. In other words, goTRG alleges that it suffered one million dollars of damages, "the yearly Software license fee[,] for each year that Lowe's has used and continues to use the My Red Vest Application." Doc. No. 1, at ¶ 85.

goTRG has alleged that Lowe's refused to pay this additional licensing fee. Doc. No. 1, at ¶ 66. The Court therefore finds that the express promise to pay created an extra element which prevents preemption, and therefore the rights granted under state law are not equivalent to those within the scope of federal copyright. The breach of contract claim, as it relates to the allegation that Lowe's breached its promise to pay the licensing fee, is accordingly not preempted.

### 2. Failure to State a Claim

The parties also dispute whether goTRG's claim for breach of contract is adequately pled. The elements of a breach of contract claim in North Carolina are: (1) the existence of a valid contract and (2) a breach of the terms of that contract. *Peter Marco, LLC v. Banc of AM. Merch. Servs.*, 660 F. Supp. 3d 453, 461 (W.D.N.C. 2023); *see also Arrington Mfg. v. BAM Racing, LLC.*, No. 3:07-CV-270-H, 2008 WL 90094, at *4 (W.D.N.C. Jan. 8, 2008). The parties only disagree on whether there was a breach of the terms of their contract.

Lowe's argues that, for goTRG's allegation that "Lowe's breached the SOW by misappropriating goTRG's reverse logistics know-how, concepts, processes, methods, and protocols," goTRG failed to cite a contractual provision and failed to provide specific details regarding what was allegedly misappropriated. Doc. No. 1, at ¶ 84. goTRG responds that it directly

8

quoted the terms of the contract and Lowe's cannot inject ambiguity into agreed-upon terms.[3] Additionally, goTRG asserts that a more particularized description of the allegedly misappropriated trade secrets can be obtained through discovery. Construing the factual allegations in the Complaint in the light most favorable to the Plaintiff, the Court agrees that goTRG made sufficient factual allegations to support a plausible claim and sufficiently referenced contractual provisions that refer to the definition of Intellectual Property contained in the ASPSA. Doc. No. 1, at ¶ 76 (citing Ex. B at Section III.B.7(i)(ii)). As goTRG further argues, additional details can be obtained during discovery. *See Redox Tech, LLC v. Earthworks Sols. LLC*, No. 5:17-CV-447-KS, 2018 WL 1733984, at *3 (E.D.N.C. Apr. 10, 2018) (citing *Bell Atlanta Corp.*, 550 U.S. at 555) ("[A claim must] allege facts that raise a right to relief above the speculative level and must give a defendant 'fair notice' of the claim and 'the grounds upon which it rests.'"). Therefore, the Court finds that Plaintiff's breach of contract claim is adequately pled.

### B. The Copyright Infringement Claim (Count II)

Defendant next argues that Plaintiff's claim for copyright infringement is not adequately pled. To state a copyright infringement claim, a plaintiff must allege (1) ownership of a valid copyright and (2) that the copyright was infringed. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); 17 U.S.C. § 501. It is not disputed that goTRG holds ownership of a valid

---

[3] Plaintiff cites *Town of Belhaven, NC v. Pantego Creek, LLC* to support its argument that Lowe's is bound by the contract definition and therefore cannot inject ambiguity. This case, which finds that in North Carolina, parties to a contract have an affirmative duty to read and understand a written contract before they sign it, relates to state law pleading requirements for fraud. *Town of Belhaven, NC v. Pantego Creek, LLC*, 250 N.C. App. 459, 469 (N.C. Ct. App. 2016). The Court in *Pantego Creek* found issue with the Plaintiffs' attempt to allege fraud when they did not address the contract provision and made broad, unparticularized allegations that failed to meet the heightened pleading requirements of fraud. *Id.* at 470. However, the case at hand is distinguishable from *Pantego Creek* because of the different pleading standards for fraud and because goTRG cited relevant contract provisions.

copyright, but Lowe's disputes infringement. A copyright can be infringed by "copying of constituent elements of the Plaintiff's work that are original" or by a licensee's use of copyrighted material that "exceeds the scope of its license." *dmarcian Inc. v. dmarcian Eur. BV*, 60 F.4th 119, 138-39 (4th Cir. 2023). If a plaintiff lacks direct evidence of copying, it may create a presumption of infringement with indirect evidence establishing that: "(1) the defendant had access to the copyrighted work; and, (2) the defendant's work is substantially similar to the protected material." *Software Pricing Partners v. Geisman*, No. 3:19-CV-00195-RJC-DCK, 2022 WL 3971292, at *5 (W.D.N.C. Aug. 31, 2022) (internal quotations omitted); *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 801 (4th Cir. 2001).

The Court finds that goTRG's copyright infringement claim is adequately pled. First, the Plaintiff sufficiently pled that Lowe's had access to the copyrighted work when it alleged that "goTRG … license[d] the Software to Lowe's" and "provid[ed] unique user IDs" to necessary personnel. Doc. No. 1, at ¶ 33. Further, Lowe's personnel, including Information Technology Engineers and Software Product Development experts, allegedly had access to the Software outside the scope of the Software's use under the SOW. *See id.* ¶¶ 52, 102.  Second, regarding the element of substantial similarity, goTRG's alleges that Lowe's My Red Vest software performs the same or substantially similar functionality, including determining the vendor's return policy and the appropriate course of action in line with that policy for returned merchandise, plus the creation of unique barcodes for returnable items and an allegedly similar logic flow. *Id.* ¶¶ 55-59. These allegations of substantial similarities are sufficient to permit this claim to proceed. Further, although goTRG has not alleged similarities with more specificity, such as identical or similar pieces of code, this Court adopts the viewpoint expressed in *SAS Inst., Inc. v. World Programming, Ltd.*, that the question of substantial similarity sometimes "cannot be addressed without the aid of

discovery or expert testimony," as seen in cases concerning the protectability of nonliteral elements of an allegedly infringing software program. No. 5:10-CV-25-FL, 2012 WL 5844910, at *20 (E.D.N.C. Oct. 18, 2012).

While goTRG's earlier arguments in pursuing its breach of contract claim contradict this allegation that nonliteral elements are within the scope of copyright, these arguments can be considered alternate pleadings, both of which could be plausible, even if they cannot both ultimately be true. Therefore, the Court does not need to address the inconsistency at this stage. *See id.* at *7 ("The determination [of] whether particular nonliteral elements are protectable is highly fact specific … and is seldom appropriately done at the motion to dismiss stage."). Moreover, because the Court finds that goTRG has adequately pled access and substantial similarity, it need not consider goTRG's alternative argument that Lowe's infringed the Software by exceeding the scope of its license.

### C. The Trade Secret Claims (Counts III and IV)

Defendant first contends that Plaintiff's claims under NCTSPA, N.C. Gen. Stat. §§ 66-152 – 66-153 and the DTSA, 18 U.S.C. § 1836(b)(1), are preempted by the Copyright Act. Second, Defendant argues that Plaintiff's claims are not adequately pled because goTRG fails to identify the trade secrets and alleged misappropriation with particularity. Third, Defendant asserts that the requirements for the NCTSPA claim specifically are not met because Plaintiff fails to plead where the alleged misappropriation occurred.

#### 1. Preemption by the Copyright Act

Relying on the standards discussed *supra* in Section A.1, this Court finds that neither the NCTSPA nor DTSA claims are preempted by the Copyright Act because the presence of nonliteral elements makes the two claims qualitatively different from a copyright claim. Defendant argues

11

that the allegations of misappropriation are based primarily around "use" rather than "disclosure," and misappropriation based on use is typically preempted because the issue is encompassed in the copyright infringement claim. *Long v. Quality Computers & Applications, Inc.*, 860 F. Supp. 191, 197 (M.D. Pa. 1994) (citing *Computer Assoc. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 716-19 (2d Cir. 1992)). However, certain nonliteral elements that goTRG alleges as trade secrets, including "channel allocation and pricing strategy … computational algorithms … sortation tools, techniques, and processes … [and] database of inventory item data" fall beyond the scope of copyright. Doc. No. 1, at ¶ 97; *see supra* § A.1; 17 U.S.C. § 102(b). Therefore, because at least part of the NCTSPA and DTSA claims fall beyond the subject matter of copyright, these claims are not preempted by the Copyright Act.

### 2. Failure to State a Claim

#### A. Failure to State a Claim Under NCTSPA

In order to state a claim under the NCTSPA, a plaintiff must allege that (1) it is the owner of a "trade secret" and (2) the defendant engaged in "misappropriation." N.C. Gen. Stat. § 66-153. When analyzing whether a plaintiff described the alleged trade secrets with sufficient particularity, this Court uses North Carolina law.[4] In North Carolina, at the pleading stage, a plaintiff must identify a trade secret with "sufficient particularity so as to enable a defendant to delineate that which he is accused of misappropriating and a court to determine whether misappropriation has or is threatened to occur." *Channeltivity, LLC v. Allbound, Inc.*, No. 3:20-CV-611-RJC-DCK, 2021 WL 4484576, at *4 (W.D.N.C. Sept. 2, 2021) (internal quotation omitted) (citation omitted); *see*

---

[4] goTRG asserted in its Opposition that federal law should apply. However, Lowe's correctly argues in a footnote that state law applies. Doc. No. 25, at 10 n.9; *see also Patch Rubber Co. v. Toelke*, No. 5:13-CV-379-BO, 2013 WL 2948116, at *3 (E.D.N.C. June 14, 2013); *Williamson v. Prime Sports Mktg., LLC*, No. 1:19-CV-593, 2022 WL 2802611, at *5 (M.D.N.C. July 18, 2022).

12

*also Analog Devices, Inc. v. Michalski*¸157 N.C. App. 462, 453 (N.C. App. Ct. 2003). Trade secrets are defined as "business or technical information, including but not limited to a formula, pattern, program, device, compilation of information, method, technique, or process" which "derives independent actual or potential commercial value from not being generally known or readily ascertainable through independent development or reverse engineering." N.C. Gen. Stat. § 66-152(3). Misappropriation of a trade secret is shown by:

> Substantial evidence that the person against whom relief is sought both (1) [k]nows or should have known of the trade secret; and (2) [h]as had a specific opportunity to acquire it for disclosure or use or has acquired, disclosed, or used it without the express or implied consent or authority of the owner.

N.C. Gen. Stat. § 66-155. Importantly, under the NCTSPA, a plaintiff must plead that the alleged misappropriation occurred in North Carolina. *VRX USA, LLC v. VRX Ventures, Ltd.*, No. 3:20-CV-409-GCM, 2020 WL 7229672, at *7 (W.D.N.C. Dec. 8, 2020); *see also Software Pricing Partners LLC v. Geisman*, No. 3:19-cv-195-RJC-DCK, 2020 WL 3249984, at *9 (W.D.N.C. June 16, 2020).

Here, the Court need not now reach the issues of whether goTRG sufficiently alleges trade secrets or misappropriation because goTRG failed to plead that the alleged misappropriation occurred in North Carolina. goTRG only alleges that Lowe's principal place of business is in North Carolina. Doc. No. 1, at ¶ 2. In its Response to this motion, goTRG argues that Lowe's does not address whether involved personnel were in another location. Doc. No. 24, at 22. goTRG then asserts that, based on those allegations and Lowe's failure to counter them, the Court can make a geographic inference based on the background information it provided in the Complaint. *Id.* However, "to state a claim under the [NC]TSPA, a party must allege the misappropriation happened in North Carolina. It makes no difference that the one or both of the parties are North Carolina residents." *VRX USA, LLC*, 2020 WL 7229672 at *7 (citing *SciGrip, Inc. v. Osae*, 838

13

S.E.2d 344, 344-45 (N.C. 2020)). Therefore, goTRG asks the Court to make an inference that the Court cannot make, and so goTRG's NCTSPA claim will be dismissed without prejudice.

However, in the alternative, goTRG also asks the Court for leave to file an amended complaint. Doc. No. 24, at 25. Federal Rule of Civil Procedure Rule 15(a)(2) provides that a "court should freely give leave [to file an amended complaint] when justice so requires." Because a valid claim could arise from amending this claim, goTRG may file an Amended Complaint within 14 days to remedy the defect in their NCTSPA claim only.

### B. Failure to State a Claim Under DTSA

To state a claim under the DTSA, a Plaintiff must allege "(1) the existence of a trade secret, (2) the trade secret's misappropriation, and (3) that the trade secret implicates interstate or foreign commerce." *Dmarcian, Inc. v. dmarcian Eur. BV*, 60 F.4th 119, 141 (4th Cir. 2023).

The Court finds that goTRG's allegations meet the DTSA standard for alleging trade secrets. goTRG has adequately pled that its alleged trade secrets have commercial value, because it alleged that Lowe's paid access fees and Lowe's asked goTRG to provide access to the Software for its personnel. Doc. No. 1, at ¶¶ 37, 52, 101. goTRG has also adequately pled that it took reasonable measures to protect its trade secrets by using "password-protected logins, controlled and permission-restricted access, and confidentiality … agreements." *Id.* ¶¶ 109, 111. Lastly, goTRG has met the DTSA requirement to plead "that the trade secret implicates interstate or foreign commerce." *Dmarcian, Inc.*, 60 F.4th at 141. goTRG alleged that its principal place of business is in Florida and Lowe's principal place of business is in North Carolina, showing that the SOW anticipated that Lowe's would use the Software in multiple states, and further argued that My Red Vest is used throughout the United States in 1,722 stores. Doc. No. 1, at ¶¶ 1-2, 30, 116-17.

Also, at the pleading stage, goTRG has identified trade secrets with "sufficient particularity." *Channeltivity, LLC*, 2021 WL 4484576 at *4; *see Design Gaps, Inc. v.* Hall, 3:23-cv-186-MOC, 2023 WL 8103156, at *23 (W.D.N.C. Nov. 20, 2023) ("[W]hen asserting a claim under the DTSA, a plaintiff may not simply list categories of alleged trade secrets in broad terms without identifying a 'specific set of "methods, techniques, processes, procedures, programs, or codes" that could establish … a trade secret.'") (citations omitted); *see also Azima v. Del Rosso*, No. 1:20-CV-954, 2021 WL 6755013, at *30 (M.D.N.C. Aug. 9, 2021) ("DTSA does not 'include an express requirement that a plaintiff identify its trade secret with reasonable particularity to state a claim.'") (citation omitted). Rather than simply alleging broad categories of alleged trade secrets, goTRG's allegations provide Lowe's with enough information to determine what it is accused of misappropriating. *See Lithero, LLC v. AstraZeneca Pharm. LP*, CV No. 19-2320-RGA, 2020 WL 4699041, at *1 (D. Del. Aug. 13, 2020) ("To adequately plead trade secret misappropriation under the DTSA, a plaintiff must identify a trade secret with sufficient particularity so as to provide notice to a defendant of what he is accused of misappropriating …") (internal quotation marks omitted). For example, goTRG alleged one trade secret as "[a]utomated, data driven, real time resale channel allocation and pricing strategy for reselling multi-conditioned inventory via multiple ecommerce channels." Doc. No. 1, at ¶ 97. Here, goTRG provided enough details beyond just a broad category, like a "strategy" or "process," for Lowe's to determine what it is accused of misappropriating. Therefore, goTRG has pled trade secrets with sufficient particularity at this stage. Further details that Lowe's seeks can be obtained through discovery. *Redox Tech, LLC*, 2018 WL 1733984 at *3.

### A. The Unjust Enrichment Claim (Count V)

Lastly, Defendant challenges Plaintiff's unjust enrichment claim on the grounds that it is preempted by the Copyright Act and is inadequately pled.

#### 1. Preemption by the Copyright Act

The Court finds that Plaintiff's claim for unjust enrichment is not preempted by the Copyright Act even though the rights overlap with those protected by the Copyright Act because the presence of nonliteral elements in this claim means it may fall outside the scope of the Act. *See supra* § A.1. "Where the only property at issue is subject to copyright, a claim for unjust enrichment under North Carolina law is preempted by the Copyright Act …. A claim for unjust enrichment may not be preempted, however, if the plaintiff can show that 'material beyond copyright protection' formed the basis of the unjust enrichment. *WJ Glob. LLC v. Farrell*, 941 F. Supp. 2d 688, 693 (E.D.N.C. 2013) (citations omitted). Nonliteral elements, such as goTRG's "reverse logistics know-how, concepts, processes, methods, and protocols," may constitute material beyond the subject of copyright. Doc. No. 1, at ¶ 84, 125. Therefore, the Court finds that this claim is not preempted.

#### 2. The Unjust Enrichment Claim is Adequately Pled

To prove a claim of unjust enrichment under North Carolina law, a plaintiff must establish that (1) it conferred a benefit on another party, (2) the other party consciously accepted the benefit, and (3) the benefit was not conferred gratuitously. *Pan-American Products & Holdings, LLC v. R.T.F. Furniture Corp.*, 825 F. Supp. 2d 664, 695 (M.D.N.C. 2011); *see also Primerica Life Ins. Co. v. James Massengill & Sons Constr. Co.*, 712 S.E.2d 670, 677 (N.C. Ct. App. 2011). Lowe's argues that goTRG's pleadings are too vague to sufficiently allege how Lowe's unjustly benefited from any alleged wrongful use of goTRG's intellectual property in developing My Red Vest.

16

The Court, however, finds that goTRG has adequately pled its claim for unjust enrichment. goTRG has alleged that it allowed Lowe's to use its proprietary information under their agreements, Lowe's actually used the Software to manage its reverse logistics processes, and, after terminating the contract, Lowe's allegedly continued to use goTRG's Software and proprietary information without paying the agreed upon licensing fee. Doc. No. 1, at ¶¶ 27, 37-38, 65-66, 123-25. Therefore, goTRG's claim for unjust enrichment may proceed at this stage as an alternative to its breach of contract claim.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Amended Motion to Dismiss (Doc. No. 21) is **GRANTED in part** and **DENIED in part** as described in the Order;

2. Plaintiff is permitted to file an Amended Complaint realleging its NCTSPA claim within 14 days; and

3. This case shall proceed towards trial on the merits on the remaining claims in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: August 5, 2024

Kenneth D. Bell
United States District Judge