# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### CASE NO.  5:23-CV-163-KDB-DCK

| | | |
|---|---|---|
| THE RECON GROUP LLP, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| LOWE'S  HOME CENTERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To File Under Seal" (Document No. 28) filed August 16, 2024.  This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate.  Having carefully considered the motion and the record, the undersigned will <u>deny</u> the motion.

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule("LCvR") 6.1 provides in relevant part as follows:

### LCvR.  6.1    SEALED FILINGS AND PUBLIC ACCESS.

**(a)    *Scope of Rule***. To  further  openness  in  civil  case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed.  This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making.  As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.

**(b)    *Filing under Seal***.  No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.

**(c)    *Motion to Seal or Otherwise Restrict Public Access***.  A party's request to file materials under seal must be made by formal

motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:

> **(1)** A non-confidential description of the material sought to be sealed;
> **(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
> **(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
> **(4)** Supporting statutes, case law, or other authority.

LCvR 6.1.

By the instant motion, Plaintiff seeks leave to file Exhibits A and B to the "Amended Complaint" (Document No. 27) under seal. (Document No. 28). Plaintiff contends that Exhibits A and B "contain confidential business terms" that should be sealed. Id. The Court – noting Defendant's consent - previously allowed Plaintiff to file these same Exhibits under seal, and directed Plaintiff to file publicly available redacted versions of the Exhibits. (Document No. 11); see also (Document Nos. 12 and 13. The instant motion does not indicate that the parties have conferred as required by Local Rule 7.1(b). (Document No. 28).

In addition, the undersigned now observes that Plaintiff's previously filed "redacted" versions of its Exhibits A and B blacked out the entirety of those documents. (Document No. 13). Respectfully, the undersigned is not persuaded that every word of those sixty-eight (68) pages was a "confidential business term" that required redaction. It appears that Plaintiff misunderstood the Court's intent in allowing a sealed version and a redacted version of Exhibits A and B to be filed.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To File Under Seal" (Document No. 28) is **DENIED WITHOUT PREJUICE**.

**IT IS FURTHER ORDERED** that counsel for the parties shall confer regarding Plaintiff's renewed request to seal and regarding *appropriate* redactions. After conferring, Plaintiff may re-file the request to seal. The parties are respectfully advised that if the Court allows sealing, Plaintiff will likely be required to file redacted versions of the Exhibits that only redact to the extent necessary to protect "confidential business terms."

**SO ORDERED**.

Signed: August 19, 2024

David C. Keesler
United States Magistrate Judge